[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-10142

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RONALD STUART LUBETSKY,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cr-20485-DMM-1

_____

Before LAGOA, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Federal law generally prohibits the distribution of controlled substances, such as oxycodone and morphine. The general prohibition is subject to some important exceptions. One such exception is that physicians are "authorized" to prescribe controlled substances to patients, so long as those prescriptions are "issued for a legitimate medical purpose by [a physician] acting in the usual course of his professional practice." 18 U.S.C. §§ 841(a)(1), 829(a); 21 C.F.R. § 1306.04(a). The United States accused Dr. Ronald Lubetsky of carelessly and unnecessarily prescribing oxycodone and morphine. A jury agreed, finding Lubetsky guilty on seven counts of knowingly and intentionally dispensing controlled substances without authorization by law.

Lubetsky appeals on two grounds. First, he argues that the evidence produced at trial was insufficient to support the jury's guilty verdicts. Second, he contends that the jury's guilty verdicts were tainted by the prosecutor's alleged mischaracterizations of the evidence during closing arguments. Because neither argument is persuasive, we **AFFIRM**.

Lubetsky's first argument focuses on 21 C.F.R. § 1306.04(a)'s use of the phrase "issued for a legitimate medical purpose." He homes in on that phrase because there's really no disputing that the jury heard enough evidence to find that he knowingly acted outside "the usual course of his professional practice" when issuing the

oxycodone and morphine prescriptions at issue here.[1] Lubetsky says that evidence is not sufficient to sustain the jury's guilty verdicts, however, because the government also had to prove that he knowingly or intentionally prescribed the oxycodone and morphine without a legitimate medical purpose. Because the government didn't prove a lack of legitimate medical purpose, the argument goes, the government did not prove the prescriptions were unauthorized.

Lubetsky's first argument is squarely foreclosed by circuit precedent. In *United States v. Abovyan*, we held that Section 841 "requires only that the jury find the doctor prescribed a drug 'not for a legitimate medical purpose' *or* not 'in the usual course of professional practice.'" 988 F.3d 1288, 1308 (11th Cir. 2021) (emphasis added). That is, "the test is disjunctive, and a doctor violates the law if he falls short of either requirement." *Id.* at 1305. We had also held that the "usual course of professional practice" inquiry was objective. *See United States v. Duldulao*, 87 F.4th 1239, 1250–51 (11th Cir. 2023) (collecting cases). That rule was later rejected by the Supreme Court in *Ruan v. United States*, 597 U.S. 450 (2022), where the Court clarified that Section 841's subjective "knowingly or

---

[1] Lubetsky's brief could be read as arguing the district court erred in admitting the government's expert witness and certain other pieces of evidence relating to the usual course of medical practice. Those evidentiary objections were not raised below, and Lubetsky has not established plain error in any event. *See United States v. Graham*, 981 F.3d 1254, 1260 (11th Cir. 2020). So we do not factor his evidence-admission arguments (to the extent there are any) into our analysis.

intentionally" *mens rea* also applied to the standard of care issue. But we have since reaffirmed that "*Abovyan*'s holding—that a doctor violates § 841(a) if the 'legitimate medical purpose' or 'outside the scope of professional practice' requirement is met—remains binding precedent[.]" *United States v. Heaton*, 59 F.4th 1226, 1241 n.17 (11th Cir. 2023); *see also Duldulao*, 87 F.4th at 1259. We are bound by the prior panel precedent rule to adhere to *Abovyan*. *See Heaton*, 59 F.4th at 1241 n.17 (quoting *United States v. Archer*, 1347, 1352 (11th Cir. 2008)). Because the evidence in this case was sufficient to prove a knowing deviation from the usual course of medical practice, it does not matter whether there was also sufficient evidence to prove a knowing lack of legitimate medical purpose.

Lubetsky's second argument is that the jury's verdicts were tainted because, during closing arguments, the prosecutor mischaracterized the expert testimony regarding Lubetsky's compliance with the medical community's standard of care. Lubetsky did not object to the prosecutor's arguments during trial. "When a defendant fails to object to the prosecutor's closing argument, relief is available to rectify only plain error that is so obvious that failure to correct it would jeopardize the fairness and integrity of the trial." *United States v. Bailey*, 123 F.3d 1381, 1400 (11th Cir. 1997). Lubetsky has not established that the prosecutor's closing arguments were improper, much less so improper as to call into question the "fairness and integrity of the trial." *Id.* Moreover, the district judge here instructed the jury that "anything the lawyers say is not evidence and isn't binding on" the jury. The district judge reemphasized that instruction immediately before closing arguments began, telling

the jury that "arguments are not evidence, but [the lawyers] have an opportunity . . . to argue what the evidence and reasonable inferences that can be drawn from the evidence shows." We are satisfied that "any possible prejudice to [Lubetsky] . . . was cured by instructions from the district court." *Bailey*, 123 F.3d at 1402.

The judgment of the district court is **AFFIRMED**.